UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**PATRICK JAMES WERNER,**

                Plaintiff,

v.                       **Case No. 15-cv-104-pp**

**DEBBIE LARRABEE,**

                Defendant.

**ORDER GRANTING DEFENDANTS' MOTION TO STAY (DKT. NO. 14), DENYING AS MOOT DEFENDANTS' MOTION TO TOLL TIME TO FILE RESPONSIVE PLEADING (DKT. NO. 17), AND DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 19)**

      The plaintiff, Patrick James Werner, is a state prisoner proceeding *pro se* on claims challenging Wis. Stat. §301.48 under the Due Process and Ex Post Facto Clauses of the Constitution. Dkt. No. 1. The challenged statute mandates lifetime GPS monitoring of certain serious sex offenders. Wis. Stat. §301.48.

      On October 8, 2015, the defendant filed a motion asking this court to stay the proceedings in the instant pending a decision by the United States Court of Appeals for the Seventh Circuit in Bealleau v. Wall, Seventh Circuit Case No. 15-3225.

      The defendant submits that the court should stay this case until the Seventh Circuit issues its decision in Belleau, because that appeal addresses an issue central to this case: the legality of Wis. Stat. §301.48 under the Ex Post Facto Clause. The Seventh Circuit heard oral argument in the Belleau

1

case on January 8, 2016. See https://www.ca7.uscourts.gov, under "Case Information," then "Oral Arguments."

The plaintiff filed a brief opposing the defendant's motion to stay. The court will address the plaintiff's objections below.

When deciding whether to stay an action, a court must "balance interests favoring a stay against interests frustrated by the action in light of the court's strict duty to exercise jurisdiction in a timely manner." CMFG Life Ins. Co. v. UBS Securities, LLC, No. 13-cv-576-wmc, 2015 WL 4645861, at *5 (W.D. Wis. Aug. 5, 2015) (quoting Grice Eng'g, Inc. v. JC Innovations, Inc., 691 F. Supp.2d 915, 920 (W.D. Wis. 2010)). "In conducting this balancing test, courts frequently consider: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the court." CMFG, 2015 WL 4645861, at *5.

In this case, the balance weighs in favor of a stay. First, the case is at an early stage. The defendant filed her motion less than a month after the court issued its screening order allowing the plaintiff to proceed on the claim. The court has not issued a scheduling order, nor has it set a deadline for formal discovery or dispositive motions.

Second, a stay will not prejudice or tactically disadvantage the plaintiff. The plaintiff currently is incarcerated. He would not be subjected to GPS monitoring under the statute until his release. The plaintiff argues in his

2

opposition brief that while he was denied parole at his first parole hearing, he is in the process of challenging that denial, and that if he is successful in that challenge and is released on parole, would be subject to GPS monitoring under the statute. The plaintiff's parole eligibility date currently is August 15, 2017—some twenty months from now. Unless and until the parole board rules in favor of the plaintiff on his challenge, the Seventh Circuit will issue its decision in Belleau before the plaintiff's parole eligibility date.

The plaintiff also seems to be arguing in his opposition brief that if it turns out that the statute violates the Ex Post Facto Clause, he should receive credit toward his mandatory release date for time he has been on GPS and other electronic monitoring in the past, and that any extensions of his mandatory release date should be deemed unlawful. The plaintiff's mandatory release date currently is October 15, 2019—over three years from now. Again, the Seventh Circuit will issue a decision in Belleau before that date arrives. Even if that court does find that the statute violates the Ex Post Facto Clause, that decision may or may not impact his mandatory release date; the determination of that issue would depend on the Seventh Circuit's ruling. And if, somehow, the plaintiff is released before the Seventh Circuit issues its decision, he can file a motion asking this court to lift the stay.

Addressing the third and fourth factors together, a definitive ruling from the Seventh Circuit regarding whether Wis. Stat. §301.48 violates the Ex Post Facto Clause would simplify the issues in this case (this court will be bound by

3

the Seventh Circuit's decision in that regard) and, as a result, reduce the burden of litigation on the court.

The plaintiff also argues that the facts in his case are different than the facts in the <u>Belleau</u> case. He argues, for example, that Belleau challenged the GPS provision after he'd completed his sentence and was on GPS monitoring, while the plaintiff has not yet been place on GPS monitoring. This factual distinction actually weighs in favor of granting the stay, not against it. The plaintiff also argues that, unlike Belleau, he is arguing that his original sentence, imposed in 1998, was "extended" and that he is challenging that extension. This appears to be the plaintiff's argument that any time he spent on GPS in the past was unconstitutional. It is not clear whether that would be the case; the Seventh Circuit's decision may shed light on the answer to that question (because if that court decides that the statute violates the Ex Post Facto Clause, it may discuss how that decision impacts all the defendants who ever have been subjected to the statute).

For all of these reasons, the court will grant the defendant's motion to stay all proceedings in this case until the Seventh Circuit has issued its decision in <u>Belleau</u>.

As to the defendant's November 5, 2015 motion asking the court to toll the deadline for the defendant to answer or otherwise respond to the complaint, the court notes that the defendant filed an answer on November 12, 2015. Dkt. No. 18. The court had ordered the defendant to respond to the complaint within sixty days of September 18, 2015; the defendant's November

4

5, 2015 request for an extension of time sought to avoid the defendant having to file an answer if the court were going to grant her motion to stay. The court did not rule on the motion for extension of time prior to the answer deadline; accordingly, the defendant has filed an answer. This fact renders moot her November 5, 2015, motion to toll time to file responsive pleading.

On November 23, 2015, the plaintiff filed a motion for extension of time to respond to the defendant's answer. Dkt. No. 19. Neither the Federal Rules of Civil Procedure nor this court's local rules require, or allow for, a plaintiff to "respond" to an answer. The next step in this case, once the Seventh Circuit has issued its decision and the court lifts the stay, will be for the court to issue a scheduling order giving the parties deadlines for conducting discovery and filing dispositive motions.

The court **GRANTS** the defendant's motion to stay. Dkt. No. 14. The court **ORDERS** that all proceedings in this case are **STAYED** until after the United States Court of Appeals for the Seventh Circuit has issued its decision in Belleau, Case No. 15-3225. The court **ORDERS** that within twenty-one (21) days of the date the Seventh Circuit issues its decision, the defendant shall file a motion to lift the stay.

The court **DENIES AS MOOT** the defendants' motion to toll time to file

responsive pleading. Dkt. No. 17. The court also **DENIES AS MOOT** the plaintiff's motion for extension of time. Dkt. No. 19.

Dated in Milwaukee, Wisconsin this 11th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge