# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICK JAMES WERNER,

                Plaintiff,

v.                                            **Case No. 15-cv-104-pp**

DEBBIE LARRABEE,

                Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 23) AND DENYING AS MOOT PLAINTIFF'S MOTION SEEKING TO FILE ADDITIONAL INTERROGATORIES (DKT. NO. 31)

Plaintiff Patrick James Werner, representing himself, is proceeding on due process and *ex post facto* claims challenging Wis. Stat. §301.48, which requires GPS tracking of certain convicted and civilly committed sex offenders. Dkt. No. 13 at 7-8. The defendants have filed a motion for judgment on the pleadings (which was docketed as a motion to stay discovery and motion to dismiss, dkt. no. 23), and the plaintiff's motion seeking to file additional interrogatories (dkt. no. 31). The court grants the defendant's motion for judgment on the pleadings, and denies as moot the plaintiff's motion for additional interrogatories.

## I. BACKGROUND

The plaintiff has separate criminal convictions for second-degree sexual assault of a child and child enticement. Dkt. No. 1 at 4. On August 23, 1999, the state court sentenced him in both cases; he received a total sentence of ten

1

years in prison and ten years parole. Id. In 2011, the plaintiff was released on probation and was subject to GPS monitoring under Wis. Stat. §301.48, but his probation ultimately was revoked for violating his rules of community supervision. Id. at 4-6. The plaintiff currently is incarcerated at Oshkosh Correctional Institution, and has a maximum discharge date of February 15, 2023. Id. at 9.

On April 1, 2016, the defendant filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Dkt. No. 23. The defendant also asked the court to stay discovery pending briefing and resolution of the motion to dismiss. Id. The court granted the motion to stay discovery on April 12, 2016. Dkt. No. 26. The same day, the court received the plaintiff's motion seeking to file additional interrogatories, as well as three depositions upon written questions and three requests for production of documents addressed to non-parties. Dkt. Nos. 31-37.

In her brief in support of her motion for judgment on the pleadings, the defendant submits that the plaintiff lacks standing to challenge the GPS statute because currently, he is not subject to GPS monitoring. Dkt. No. 24 at 2-4. The defendant also argues that the plaintiff cannot prove any facts that would support his due process and *ex post facto* claims. Id. at 4-8.

## II. DISCUSSION

### A. Standard—Motion for Judgment on the Pleadings

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

Fed. R. Civ. P. 12(c). Such a motion is evaluated under the same standards that govern a Rule 12(b)(6) motion to dismiss; the court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. See Lodholtz v. York Risk Servs. Grp., 778 F.3d 635, 639 (7th Cir. 2015) (citations omitted). In considering a motion for judgment on the pleadings, the court may rely on the pleadings, documents attached to or referred to in the pleadings, or information subject to judicial notice. See Geinosky v. City of Chicago, 675 F.3d 743, 745 n. 1 (7th Cir. 2012) (addressing Fed. R. Civ. P. 12(b)(6)). A court should grant a motion for judgment on the pleadings "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Buchanan-Moore v. City of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (quoting Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998)).

  B. Standing

In order to have standing, the plaintiff must show that he has suffered an "'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted). "An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk that the harm will occur.'" Susan B. Anthony List v. Driehaus, __ U.S. __, 134 S.Ct. 2334, 2341

(2014) (quoting <u>Clapper v. Amnesty Int'l USA</u>, 568 U.S. __ at __, n. 5, 133 S.Ct. 1138, 1147, 1150, n. 5 (2013)).

The defendant argues that currently, the plaintiff is not being monitored under the statute. She argues that there is no imminent plan to monitor him, and that the possibility of a law applying in the future is not harm sufficiently imminent to create standing. Dkt. No. 24 at 3-4. The plaintiff responds that he is up for parole in 2017, and that his GPS monitoring therefore is imminent. Dkt. No. 27 at 2. The defendant acknowledges that the plaintiff is up for parole in 2017, but she argues that there is no guarantee that the parole board will grant him parole at that time. Dkt. No. 24 at 3. Additionally, the defendant contends that even if the plaintiff is paroled in 2017, he will remain under the supervision and custody of the Wisconsin Department of Corrections (DOC) until his mandatory discharge date in 2023. <u>Id.</u> The State has broad authority to monitor offenders while they are within the custody and supervision of the DOC. See <u>Samson v. California</u>, 547 U.S. 843, 848 (2006). His constitutional challenge, the defendant argues, would be very different if he were challenging the law as a parolee. Dkt. No. 24 at 3.

At this stage in the proceedings, the court construes all reasonable inferences in favor of the plaintiff. See <u>Lodholtz</u>, 778 at 639. The parties agree that, absent a change in the statute, the plaintiff will be subject to GPS monitoring under §301.48 at some point in the future, whether upon parole in 2017, upon maximum discharge in 2023, or some time in between. That is a "substantial risk that the harm will occur" and a sufficient "allegation of future

4

injury." Susan B. Anthony List, 134 S.Ct. at 2341. The court finds standing and will consider the defendants' arguments about the plaintiff's substantive claims.

    C.    *Ex Post Facto* Clause Claim

"A statute is an ex post facto law only if it imposes punishment." Belleau v. Wall, 811 F.3d 929, 937 (7th Cir. 2016). In Belleau, the Seventh Circuit determined that §301.48 is prevention, not punishment, which means that the statute does not violate the *ex post facto* clause. Id. The court analogized GPS monitoring under §301.48 to being stopped by a police officer on the highway and asked to show one's driver's license, or being placed on a sex offender registry, neither of which, the court said, is punishment. Id.

After Belleau, the plaintiff has no grounds for an *ex post facto* challenge to Wis. Stat. §301.48, because even if he is subjected to the monitoring after his conviction, the law in the Seventh Circuit is that such monitoring doesn't constitute punishment. See 811 F.3d at 937. The plaintiff tries to draw a distinction between Belleau, who was a civilly committee sex offender, and himself, a convicted sex offender. The Seventh Circuit drew no such distinction in its decision, did not rely on Belleau's status as a civilly committed sex offender in its reasoning, and made its conclusion regarding the statute as a whole. Id. at 937-38.

The court will grant the defendant's motion for judgment on the pleadings as to this claim.

5

D.  Due Process Claim

The defendant argues that the plaintiff cannot prevail on his due process claim, because the application of §301.48 is automatic based on an individual's conviction(s) or status as a civilly committed sexually violent person under Wis. Stat. Ch. 980. See Wis. Stat. §301.48. The defendant also submits that anyone impacted by the statute must, by virtue of that fact, already have received due process, during either his criminal prosecution or his civil commitment proceedings.

In Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 7-8 (2003), the Supreme Court upheld a sex offender registry scheme, holding that the plaintiff could not bring a procedural due process challenge to a scheme that is triggered merely by the plaintiff's past convictions. The Court reasoned that Connecticut had "decided that the registry information of *all* sex offenders—currently dangerous or not—must be publicly disclosed," and that "[s]tates are not barred by principles of '*procedural* due process' from drawing such classifications." Id. (quoting Michael H. v. Gerald D., 491 U.S. 110, 120 (1989) (emphasis in original).

Like the Connecticut law, the Wisconsin statute mandates lifetime GPS monitoring for certain sex offenders based on their criminal convictions or civil commitment. See Wis. Stat. §301.48(2)(a). The consequence (the GPS monitoring) flows from the conviction or commitment, and there is no requirement for additional due process. None is necessary. See Conn. Dep't of Pub. Safety, 538 U.S. at 7. The monitoring flows from the defendant's criminal

6

convictions, and he "already had a procedurally safeguarded opportunity to contest" those convictions during his criminal proceedings. Id.

In Connecticut Department of Public Safety, the Supreme Court indicated that claims challenging the drawing of classifications in state law "'must ultimately be analyzed' in terms of substantive, not procedural due process." Id. at 8 (quoting Michael H., 491 U.S. at 121). The issue of whether the Connecticut law violated principles of substantive due process was not before the Court. Id. Similarly, the issue of whether the Wisconsin law violates the principles of substantive due process is not before this court. The Seventh Circuit determined that the Wisconsin statute is not punitive and does violate the Fourth Amendment, which supports this court's decision not to allow the plaintiff to proceed on a substantive due process claim. See Belleau, 811 F.3d at 937. There is no substantive right violated by the plaintiff's inclusion in the class of offenders the State legislature decided to include in GPS monitoring under §301.48,

### III. CONCLUSION

Because the Supreme Court and Seventh Circuit case law hold that GPS monitoring does not constitute punishment, and does not give rise to a separate due process requirement, the court must dismiss the plaintiff's claims.

The court **GRANTS** the defendant's motion for judgment on the pleadings. Dkt. No. 23. The court **DISMISSES** this case **WITH PREJUDICE**. The Clerk of Court will enter judgment accordingly.

Because of the outcome of the defendant's motion to dismiss, no additional discovery is necessary, and the court **DENIES AS MOOT** the plaintiff's motion seeking to file additional interrogatories. Dkt. No. 31.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule

of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of February, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge